UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABDELHAMID ABDELNABI,

Petitioner,

v.

CAUSE NO. 3:26-CV-523-CCB-SJF

BRIAN ENGLISH,

Respondent.

## **OPINION AND ORDER**

Immigration detainee Abdelhamid Abdelnabi, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition. ECF 7. Though Abdelnabi has not filed a reply, the time to do so has now expired. ECF 3. The petition is ready to be decided.

## BACKGROUND

Abdelnabi is a citizen of Israel who entered the United States in 1988. ECF 7-1 at 4-9. On February 1, 2013, he was convicted of a crime in Illinois. *Id.* On July 6, 2017, an immigration judge ordered him removed to Israel. *Id.* at 10-11. After seven months of detention, he was released on an Order of Supervision. ECF 1 at 6. On October 26, 2025, Immigration and Customs Enforcement (ICE) detained him again, and he is currently held at the Miami Correctional Facility. *Id.* at 1, 6.

The respondent relies on an affidavit in which an ICE official attests that the government intends to remove Abdelnabi to Israel. ECF 7-2. The ICE official further attests that the government is engaged in ongoing efforts to remove him, including facilitating his completion of a travel document application. *Id.*

SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Abdelnabi's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondent first argues that Abdelnabi's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Abdelnabi ended nine years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Abdelnabi has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Israel as the only country under consideration for removal. The government did not remove him to Israel during his initial term of post-removal order detention in 2017. Further, his immediate period of detention now spans eight months with no indication that the government has taken any measures to execute his removal to Israel. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Abdelnabi's removal to Israel in the reasonably foreseeable future.

To rebut this showing, the respondent offers an attestation that the government is engaged in ongoing efforts to remove Abdelnabi, including the facilitation of his completion of a travel document application. This vague attestation does not persuade the court that Abdelnabi's removal is likely to occur within the reasonably foreseeable future. It does not explain why the current effort will be successful given the inability to remove Abdelnabi in 2017. It does not identify any specific measures taken by the government to effectuate Abdelnabi's removal since his re-detention eight months ago. The respondent's showing suggests that the government might be waiting on Abdelnabi to complete an application for travel documents, but this mere suggestion is devoid of any context, so it does not adequately explain the government's delay. Additionally, the respondent provides no insight into when Israel might respond after an application for travel documents has been submitted or the likelihood that Israel will issue a travel document to Abdelnabi. Consequently, the court finds that the respondent has not adequately demonstrated that Abdelnabi's removal to Israel is reasonably foreseeable. Therefore, the respondent must release Abdelnabi.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Abdelhamid Abdelnabi on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 25, 2026**; and

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami

Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on June 23, 2026.

　　　　　　　　　　　　　　　　/s/ *Cristal C. Brisco*
　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT